DENNIS PICKENS v. THE STATE.

1. MURDER. *Self-defense. Instructions.*
   If a homicide with a deadly weapon is, on the evidence, either an act of self-
   defense or a murder, it is erroneous to charge that where express malice *is*
   shown no mere provocation at the time will relieve the killing of the char-
   acter of murder. *Cannon* v. *State*, 57 Miss. 147, followed.

2. SAME. *Manslaughter. Provocation.*
   Such an instruction is proper where there is proof of an altercation between
   the parties and blows, and the question is whether the act of killing sprang
   from the heat of passion thus engendered, or from the previous grudge.—
   *Riggs* v. *State*, 30 Miss. 635, distinguished.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

This is an appeal from a conviction of murder, and a capital
sentence. State's evidence at the trial showed that the appellant,
who had threatened to kill a man named Tutt, was seen with an
open knife asking for him, and approaching a place where hours
afterward the man's dead body was found. A medical witness
who examined the body stated that death was caused by a cut
which severed the aorta near the heart. The appellant then testi-
fied for himself, that he approached to converse amicably with Tutt,
when the latter became angry and began beating him with a club;
that he lost consciousness under the blows, but recovering, struck
with his knife and fled; that Tutt pursued him and threw at him
slabs, left in making cross-ties at the place, so that he hardly
effected his escape. Physicians testified, in rebuttal, that a man
wounded in the manner described could not thus pursue another,
but would sink down at once and die.

Among other charges for the State, the court instructed: " 4.
where express malice is shown and the person against whom the
threat is made is afterward killed with a deadly weapon, no mere
provocation at the time of committing the act will relieve it of the
character of malicious killing, but it is presumed to be in conse-
quence of the previous threat or grudge."

*Dial & Witherspoon,* for the appellant.

Taking into consideration the facts testified to by the prisoner in his favor as well as what he told against his interest he ought to have been acquitted. At any rate the question as to whether he is guilty of murder is involved in serious doubt, and he should have the benefit of a fair consideration of his case, unprejudiced by an erroneous charge. His testimony must be treated like that of another witness, and cannot be ignored or instructed away.

*J. L. Harris,* Attorney General *pro tem.,* for the State.

The instructions considered as a whole with reference to the evidence are correct, and furnish no ground for reversal. The proof shows a murder. The verdict is right. It is clear that the jury disregarded the prisoner's improbable version, and this court cannot say that they erred, for their opportunities for determining were better than this tribunal possesses. No charge produced the conviction, but it was the necessary result of the confession by the accused that he committed the crime.

CHALMERS, J., delivered the opinion of the court.

The fourth instruction given for the State was erroneous, and was so declared in the case of *Cannon* v. *State,* 57 Miss. 147. Such an instruction is proper, where, as in the case of *Riggs* v. *State,* 30 Miss. 635, there is proof of an altercation and blows with the hand between the parties, and the question is whether the act of killing sprang from the heat of passion thereby engendered, or from the previous grudge. But where, as in this case and in the case of *Cannon* v. *State, ubi supra,* the defense rests upon self-defense, and the act of the accused is either of that character or is murder, such an instruction is well calculated to mislead the jury and is erroneous.

*Reversed.*